OPINION
{¶ 1} This appeal is taken from a final judgment of the Lake County Court of Common Pleas. Appellant, John W. Thompson, appeals from the trial court's decision to impose consecutive sentences following his convictions on two counts of grand theft and two counts of theft.
 {¶ 2} On April 27, 2001, the Lake County Grand Jury indicted appellant on the following charges: two counts of grand theft, in violation of R.C. 2913.02(A)(3), felonies of the fourth degree; five counts of theft, in violation of R.C. 2913.02(A)(1), felonies of the fifth degree; and one count of theft, in violation of R.C. 2913.02(A)(3), a felony of the fifth degree. The charges arose from a scheme in which appellant misrepresented his identity to open a bank account, deposited checks totaling over $15,000 stolen from his employer, and withdrew the money for his own personal use.
 {¶ 3} After initially pleading not guilty, appellant subsequently entered an oral and written plea of guilty to the two counts of grand theft in violation of R.C. 2913.02(A)(3), one count of theft in violation of R.C. 2913.02(A)(1), and the single count of theft in violation of R.C. 2913.02(A)(3). The trial court accepted appellant's guilty plea, entered a nolle prosequi with respect to the remaining charges, and referred appellant to the probation department for a presentence investigation report, a drug and alcohol dependency evaluation, and a victim impact statement.
 {¶ 4} The trial court conducted a sentencing hearing on September 20, 2001. In an entry dated October 31, 2001, the trial court sentenced appellant to serve seventeen months on each of the two counts of grand theft and eleventh months on each of the two theft charges. The sentences were to be served consecutively, for an aggregate total of fifty-six months.[1] In addition, the trial court also ordered appellant to pay restitution to the victims totaling $34,838.06.
 {¶ 5} Appellant now argues under his sole assignment of error that the trial court erred in ordering him to serve consecutive sentences. Specifically, appellant maintains that the trial court did not properly consider the aggravating and mitigating factors found in R.C. 2929.12 and2929.13. He also contends that the trial court misapplied the consecutive sentencing factors set forth in R.C. 2929.14(E)(4), and that the court failed to provide its reasons for imposing consecutive sentences as required by R.C. 2929.19(B)(2)(c).
 {¶ 6} In accordance with R.C. 2953.08, our review of a felony sentence is de novo. State v. Bradford (June 2, 2001), 11th Dist. No. 2000-L-103, 2001 WL 589271, at 1. However, this court will not disturb a given sentence unless we find, by clear and convincing evidence, that the record does not support the sentence or that the sentence is otherwise contrary to law. State v. Thomas (July 16, 1999), 11th Dist. No. 98-L-074, 1999 WL 535272, at 4. Clear and convincing evidence is that evidence which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. Id.
 {¶ 7} Appellant first argues that the trial court did not consider the factors set forth in R.C. 2929.12 that indicate an offender's actions were less serious than conduct normally constituting the offense. In particular, appellant submits that at the time he committed the crimes, he was addicted to cocaine and that he took the money to support his habit. Appellant also claims that he did not expect to cause harm to his victims because he always intended to pay them back. Finally, appellant maintains that his drug addiction and other mental health issues contributed to his criminal behavior.
 {¶ 8} R.C. 2929.12(C) provides:
 {¶ 9} "The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense:
 {¶ 10} "(1) The victim induced or facilitated the offense.
 {¶ 11} "(2) In committing the offense, the offender acted under strong provocation.
 {¶ 12} "(3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.
 {¶ 13} "(4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense."
 {¶ 14} During the sentencing hearing, the trial court stated the following:
 {¶ 15} "The Court has considered the record, the oral statements made, the victim impact statements, the presentence report, the substance evaluation, psychological report, statement of the Defendant and counsel, as well as the purposes and principals of sentencing under Revised Code Section 2929.11, and I've balanced the seriousness andrecidivism factors under Revised Code Section 2929.12. In that regard, in terms of factors indicating that the offense is more serious, I find that the victims suffered serious economic harm and that there were several victims here including the Levys, the bank, the bank tellers, Home Depot, and the Home Depot employee that lost their [sic] job as a result of your conduct. I find that the offender held a position of trust and that the offense was related to that position. I find that the Defendant held an occupation and used that occupation to facilitate the offense and that his conduct in that regard is likely to influence the others — the conduct of others. I find that the relationship with the victim facilitated the offense and I find that the — the offender acted as part of organized criminal activity. There is evidence in the presentence report.
 {¶ 16} "I find no factors indicating that the offense is lessserious." (Emphasis added.)
 {¶ 17} The above passage clearly shows that the trial court not only considered R.C. 2929.12(C), but that the court also expressly rejected appellant's mitigating arguments. Furthermore, the record before us certainly supports the trial court's findings. Although appellant certainly has a serious drug problem and other issues concerning his mental health, which appellant argues influenced his actions, the fact remains that appellant has had these problems for some time and has failed to take the necessary steps to remedy them.
 {¶ 18} There is also no merit in appellant's claim that he never expected to cause the victims serious harm because he intended to repay them at a later date. This was not a situation in which appellant simply exhibited poor judgment. Rather, appellant created a plan in which he stole money from his employer, deposited the stolen funds in a fraudulently opened bank account, and withdrew the money from the account for his own personal use. Appellant's conduct occurred over a period of approximately eight months, ultimately costing several individuals their jobs, and did not end until appellant's employer discovered appellant's misdeeds.
 {¶ 19} With these facts before it, the trial court obviously found that none of appellant's arguments raised during the sentencing hearing weighed in appellant's favor to lessen the seriousness of his actions. Thus, after reviewing the record, we conclude that there is absolutely no indication that the trial court either failed to consider or properly weigh the mitigation factors in R.C. 2929.12(C).
 {¶ 20} Next, appellant contends that although the trial court addressed the factors in R.C. 2929.12(D), the record does not support the court's findings, as there is evidence in the record that he was remorseful for his actions. We disagree.
 {¶ 21} R.C. 2929.12(D) provides a non-exclusive list of factors for a sentencing court to consider when determining whether an offender is likely to engage in future criminal conduct:
 {¶ 22} "The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is likely to commit future crimes:
 {¶ 23} "(1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing, under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or under post-release control pursuant to section 2967.28
or any other provision of the Revised Code for an earlier offense or had been unfavorably terminated from post-release control for a prior offense pursuant to division (B) of section 2967.16 or section 2929.141 of the Revised Code.
 {¶ 24} "(2) The offender previously was adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152. of the Revised Code, or the offender has a history of criminal convictions.
 {¶ 25} "(3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152. of the Revised Code, or the offender has not responded favorably to sanctions previously imposed for criminal convictions.
 {¶ 26} "(4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse. "(5) The offender shows no genuine remorse for the offense."
 {¶ 27} When discussing these factors during the sentencing hearing, the trial court made the following findings:
 {¶ 28} "In terms of factors indicating that recidivism is more likely, I find that the offenses were committed — committed while under community control sanctions from another case. I find a history of criminal convictions. I find that the Defendant has not responded favorably to previously imposed sanctions.
 {¶ 29} "And in that regard, the Court notes specifically that in 1987 he was sentenced to one-an-a-half years in prison, but that was all suspended and he was placed on probation. I find that in 1988 he was sentenced to five days in jail and that was suspended and he was put on probation. I find that in 1988 he was sentenced to six months in prison and that was suspended and he was placed on one year of probation. I find that in 1998 he was given six months of inactive probation. That this — or the year 2000 he was sentenced to one year in prison and that was suspended and he was given four years of probation. And in the year 2000 he was sentenced to 30 days in jail and that was suspended. And I find that you were arrested again just a few months ago for drug paraphernalia by the Wickliffe Police Department knowing full well that I'm watching what you're doing. So you have not responded favorably to previously imposed sanctions.
 {¶ 30} "I find that alcohol and drug abuse may be related to the offense, according to you it is, but you've denied there's a problem or refused treatment because, but for the State's involvement in your life, when would you have sought treatment? You've had plenty of opportunities. I find no genuine remorse. That the trail of ravage and destruction through people's lives, you didn't shed one tear there when you heard the Levys describe what — the hell they've had to go through since you entered their lives.
 {¶ 31} "I find no factors making recidivism less likely."
 {¶ 32} After considering the totality of the circumstances, we cannot say that the evidence clearly and convincingly demonstrates that the trial court erred in concluding that appellant was likely to commit future crimes. Although there was some evidence that appellant displayed remorse for his actions, the trial court, which had the opportunity to observe appellant's demeanor, was in the best position to consider the genuineness of appellant's comments and evidently, did not believe his claims of remorse. State v. Lewis (June 28, 2002), 11th Dist. No. 2001-L-060, 2002-Ohio-3373, at ¶ 18.
 {¶ 33} More importantly, even if the record did not support the trial court's finding that appellant had displayed a lack of genuine remorse, it would not change the outcome of this case. At the time appellant committed the offense, he was already subject to community control sanctions for a prior offense. In fact, an examination of appellant's extensive criminal record since 1987 reveals convictions for grand theft, multiple counts of passing bad checks, attempted receiving stolen property, theft, and the fraudulent use of a credit card. Furthermore, while the current charges were still pending, the Wickliffe Police Department arrested appellant and charged him with possessing drug paraphernalia. Taken into consideration with appellant's failure to favorably respond to previously imposed sanctions, there is no question that the record before us more than adequately supports the trial court's decision concerning recidivism.
 {¶ 34} Finally, appellant submits that the trial court erred in imposing consecutive sentences. According to appellant, the trial court misapplied the factors set forth in R.C. 2929.14(E)(4) because the court "did not give enough weight to many facts surrounding the incident in question[,]" such as appellant's addiction to cocaine, his "great interest" in drug treatment and counseling, and his efforts, while in jail, "to gain employment in order to pay any restitution[.]" Appellant also argues that the trial court failed to provide its reasons for imposing consecutive sentences as required by R.C. 2929.19(B)(2)(c).
 {¶ 35} When imposing consecutive sentences, the trial court must make the findings contained in R.C. 2929.14(E)(4) on the record. Statev. Norwood (June 8, 2001), 11th Dist. No. 2000-L-072, 2001 WL 635951, at 4. In doing so, the trial court must first determine that consecutive sentences are "necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public[.]" R.C. 2929.14(E)(4). Next, the trial court must find that one of the following factors listed in R.C.2929.14(E)(4) is also present: (a) that the offender was awaiting trial or sentencing, or was under community control sanctions when he committed one or more of the offenses; (b) that the harm caused by the offenses was so great that a single prison term would not adequately reflect the severity of the conduct; or (c) that the offender's prior criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime. Norwood at 4.
 {¶ 36} The trial court must also follow the requirements set forth in R.C. 2929.19(B) when sentencing an offender to consecutive sentences under R.C. 2929.14(E)(4). State v. Hoskins (Mar. 16, 2001), 11th Dist. No. 2000-A-0037, 2001 WL 276935, at 3. Specifically, R.C. 2929.19(B)(2)(c) requires that the trial court justify its imposition of consecutive sentences by making findings that give the court's reasons for selecting that particular sentence.
 {¶ 37} Here, the sentencing entry contains the following discussion with respect to the factors under R.C. 2929.14(E)(4):
 {¶ 38} "Pursuant to Revised Code Section 2929.14(E) the Court finds for the reasons stated on the record that consecutive sentences are necessary to protect the public from future crime or to punish the Defendant and are not disproportionate to the seriousness of the Defendant's conduct and the danger the Defendant poses to the public, and consecutive sentences are required by law pursuant to division (E)(1) or (E)(2) of Revised Code section 2929.14. The harm caused by the multiple offenses committed by the Defendant was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the Defendant's conduct. Again in making this determination, the Court has considered the wide-ranging effects of the Defendant's actions on other person, including the fact that several persons lost their jobs as a result of defendant's actions.
 {¶ 39} "The Court also finds that the Defendant committed the multiple offenses while the defendant was under a post release control sanction for a prior offense when the offense was committed."
 {¶ 40} The trial court made similar findings during the sentencing hearing:
 {¶ 41} "The Court finds that consecutive sentences are necessary in order to protect the public and to punish the offender; and consecutive sentences are not disproportionate to the seriousness of the Defendant's conduct and to the danger the Defendant poses to the public; and the offenses were committed while on community control sanctions; and that the Defendant caused such great harm that no single prison term for any of the offenses committed as part of the course of conduct reflects the seriousness of the conduct."
 {¶ 42} The above shows that the trial court expressly found that consecutive sentences were necessary to protect the public from future crime or to punish appellant, and were not disproportionate to the seriousness of appellant's conduct and the danger he posed to the public. Moreover, the trial court also complied with the second requirement under R.C. 2929.14(E)(4) when it determined that the harm caused by the multiple offenses committed by appellant was so great or unusual that no single prison term for any of the offenses committed as part of a single course of action adequately reflected the seriousness of appellant's conduct, and that appellant was under community control sanctions at the time he committed at least one of the offfenses.
 {¶ 43} Appellant, however, suggests that the record does not support the trial court's findings because there were mitigating factors that the trial court did not properly consider. As we noted earlier, appellant has a lengthy criminal record stretching back to 1987 that includes several convictions for crimes involving dishonesty. Furthermore, not only has appellant responded unfavorably to previously imposed sanctions, he has also continued with his criminal behavior even after being arrested for the charges at issue in this case. In addition, appellant apparently has a serious cocaine addiction that he is either unable or unwilling to gain control over that, according to appellant, is the underlying cause of his actions.
 {¶ 44} Although appellant provided excuses for his behavior, the trial court, which was in the best position to assess appellant's sincereness, obviously rejected them when it imposed consecutive sentences. As a result, after considering the arguments appellant put forth at the sentencing hearing, the presentence investigation report, and the drug and alcohol dependency evaluation, we conclude that the trial court appropriately determined that the relevant factors in R.C.2929.14(E)(4) were applicable to appellant, and that the record supports the imposition of consecutive sentences.
 {¶ 45} Having said that, we must now determine whether the trial court provided its reasons for imposing consecutive sentences on the record. To support its finding that the harm caused by the offenses was so great or unusual that a single prison term would not adequately reflect seriousness of appellant's conduct, the trial court expressly stated on the record that it had "considered the wide ranging effects of [appellant's] actions on other persons, including that several persons lost their jobs as a result of [appellant's] actions." We believe that this satisfies the trial court's burden under R.C. 2929.19(B)(2)(c).
 {¶ 46} With respect to the trial court's second finding, i.e., appellant was under community control sanctions when he committed one or more of the offenses, that finding is self-explanatory. The simple fact that appellant was convicted of four crimes while under community control sanctions is a sufficient reason to support the imposition of consecutive sentences. Accordingly, we conclude that the trial court adequately stated its reasons on the record and fully complied with R.C.2929.19(B)(2)(c).
 {¶ 47} Based on the foregoing analysis, appellant's sole assignment of error has no merit. The judgment of the trial court, therefore, is affirmed.
DONALD R. FORD and DIANE V. GRENDELL, JJ., concur.
[1] Although the trial court's sentence corresponded with the prosecutor's recommendation, there is nothing in the record to suggest that the prosecutor made the recommendation as part of appellant's plea agreement.